**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0576-23

TOWNSHIP OF CINNAMINSON,

    Plaintiff-Respondent,

v.

COVE HOUSE, LLC,

    Defendant-Appellant,

and

SEASBREEZE DEVELOPMENT,
LLC,

    Defendant-Respondent.

_____

                Argued November 15, 2023 – Decided December 4, 2023

                Before Judges Vernoia and Gummer.

                On appeal from the Superior Court of New Jersey, Law
                Division, Burlington County, Docket No. L-2096-22.

                Richard P. DeAngelis, Jr. argued the cause for appellant
                (Connell Foley LLP, attorneys; Richard P. DeAngelis,
                Jr., on the briefs).

Justin Michael Strausser argued the cause for respondent (The Platt Law Group, PC, attorneys; Stuart A. Platt and Justin Michael Strausser, on the briefs).

PER CURIAM

Defendant Cove House, LLC appeals from a September 14, 2023 order granting plaintiff Township of Cinnaminson the right to condemn and take exclusive possession of and title to property owned by defendant and a subsequent order denying defendant's reconsideration motion. In a resolution issued in 2013, Cinnaminson's Township Committee had declared the property blighted and part of an area in need of redevelopment pursuant to the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -49. Because that designation was not supported by substantial credible evidence in the record, we reverse the orders and remand.

I.

On January 7, 2013, the Township Committee adopted Resolution 2013-33, authorizing and directing the Township Planning Board to conduct a preliminary investigation into whether certain properties located along Route 130 in the Township could be designated as an "area in need of redevelopment or rehabilitation" pursuant to the criteria set forth in the LRHL, N.J.S.A. 40A:12A-5. Those properties included two parcels currently owned by

defendant: Block 1403, Lots 25 and 26, located at 305 and 307 Burlington Pike (the property). Professional planner Barbara Fegley obtained information "from a variety of Township [o]fficials, site visits, and [Geographic Information Science] and tax record[s]" and prepared a report to "assist the Planning Board in making a recommendation to the governing body of the Township."

In her April 4, 2013 report, Fegley described the property as follows:

> Block 1403 Lots 25 and 26 have common owners. Each lot has an old dwelling on it that has been used in the past as offices. Both buildings have been vacant for at least three years. Both buildings need to be upgraded, inside and out, for future commercial use. Both properties are also in need of site improvements. Due to an apparent reluctance of the property owner to make needed site improvements, the buildings remain vacant. A sampling of tenant inquiries the Zoning Official has received over the last three years has been from Tarot Card Readers, Psychics, and massage therapists. The property owner occasionally is reminded that the property yards need to be cut or maintained. Both properties are served by individual septic systems or cesspools. Sanitary sewer is not available on the highway, and the only way to access it would be via an easement from and through a residential property in the rear. Both properties have a small garage/shed on them but due to their age and condition, they have minimal value.

Fegley also stated the property had "[n]o fire violations" and that the buildings on the property, which had been constructed sometime in the 1920s as residences, had been used as offices in the past. During a site visit, Fegley

observed no commercial activity on the property and concluded the property did not appear to be "open for business." According to Fegley, the property was located in a "BD-Business Development District" and the lots were "undersized" for that zoning district. Fegley acknowledged the property was "listed as used for commercial purposes" but found it had "the appearance of residential uses." Fegley described the respective lots as having "Improvement to Land Ratio[s]" of less than 1:1, "suggest[ing] that the land is not currently supporting reasonable value of improvements or that the property would have a higher market value if the improvements were removed, which could be evidence of stagnation." Fegley also noted the property had tax liens in the past and "taxes were delinquent for most quarters from 2007 to [2013]."

Analyzing the criteria required for a determination an area is in need of redevelopment, Fegley found the property met the criteria set forth in subsections (d), (e), and (h) of N.J.S.A. 40A:12A-5. Subsection (d) authorizes a municipal governing body to designate the following as being "in need of redevelopment":

> Areas with buildings or improvements which, by reason of dilapidation, obsolescence, overcrowding, faulty arrangement or design, lack of ventilation, light and sanitary facilities, excessive land coverage, deleterious land use or obsolete layout, or any combination of these

or other factors, are detrimental to the safety, health, morals, or welfare of the community.

Fegley found the property was "stagnant and underutilized" and met the criteria of subsection (d) because:

[T]he . . . buildings were originally constructed as single family residences in the 1920s. These former residences are now situated along the heavily traveled Route 130 Corridor in a Business Development District. The land use is deleterious and obsolete and the design is faulty. Excessive drive entrances along Route 130 with inadequate driveways for business use are detrimental to the safety, health and welfare of the community. Access to Route 130 is inadequate and/or hazardous. The Zoning Official reported that at least two of the structures need major improvements for business use which confirms the building[s'] obsolescence. The fact that Lots 25 and 26 are on old septic or cesspool fields adds to the Determination of Need for Redevelopment.

Fegley attached to her report ten photographs of the property.

After conducting a public hearing on April 23, 2013, the Planning Board adopted Resolution 2013-19 on May 14, 2013, recommending to the Township Committee that the property was in an area in need of redevelopment.[1] Having reviewed the Planning Board's resolution, Fegley's report, and "recent case law

_____

[1] The record contains neither a transcript of the April 23, 2013 hearing nor a copy of Resolution 2013-19. We take our description of that resolution from a subsequent Planning Board resolution.

issued by the . . . Appellate Division, regarding the utilization of eminent domain as a tool for redevelopment purposes,"[2] the Township Committee adopted Resolution 2013-105 on June 17, 2013, remanding the matter to the Planning Board for "further investigation" as to whether the designated area "satisf[ied] the constitutional meaning of the term 'blight'" and "to develop a record regarding same . . . ."

The Planning Board directed Fegley to supplement her April 4, 2013 report "to specifically address the standard of 'blight.'" Fegley issued a revised report on or about July 2, 2013, and testified during a public hearing conducted by the Planning Board on July 23, 2013. The record does not contain a copy of Fegley's revised report or a transcript of the July 23, 2013 hearing.[3] On August 13, 2013, the Planning Board issued Resolution 2013-29, in which it described Fegley's testimony about the property as "Lots 25 & 26 are in very poor

---

[2] The Township Committee was referencing 62-64 Main Street, LLC v. Mayor and Counsel of the City of Hackensack, No. A-003257-11 (App. Div. May 3, 2013), rev'd, 221 N.J. 129 (2015).

[3] After we heard argument, the Township moved to supplement the record with a series of emails sent in August and September of 2022 regarding defendant's request for copies of any audio recordings or transcripts of the April 23, 2013 and July 23, 2013 Planning Board hearings, among other things. We granted the motion. Based on those emails, recordings of the hearings existed. Neither the Township nor defendant, however, provided copies of the recordings or any transcripts of them to the trial court or to this court.

A-0576-23

condition, are on septic and have a deteriorated condition negatively impacting the surrounding area."[4]   The Planning Board found the property met the definition of "blight" and referred the matter back to the Township Committee. On August 19, 2013, the Township Committee adopted Resolution 2013-129, accepting the recommendations of the Planning Board and designating the property as meeting the definition of "blight" and as being part of an area in need of redevelopment.

On November 7, 2022, the Township filed a verified complaint, referencing Resolution 2013-129 and stating its intention to acquire a fee simple interest in the property for the purpose of implementing a redevelopment plan pursuant to the LRHL.[5]   On the Township's application, a judge issued an order directing defendant to show cause why judgment should not be entered

---

[4]  The Planning Board also stated Fegley had testified that "[a]t a prior hearing, residents indicated their desire to minimize the impact of these commercial lots on their neighboring residential property, particularly as to buffering."   What the Planning Board meant by "these commercial lots" and whether that phrase included the property is not clear from the record.

[5]  In addition to Cove House, LLC, the Township also named as a defendant SeasBreeze Development, LLC (SeasBreeze), "for any interest it may have in the property by virtue of an Agreement for the Purchase and Sale of Real Property dated December 29, 2021."   The trial judge indicated SeasBreeze had filed a "brief answer" but did not otherwise oppose the Township's action. SeasBreeze has not submitted any briefs in this appeal.

determining the Township was "duly vested with and ha[d] exercised its authority to acquire the property being condemned," appointing commissioners to fix the compensation required to be paid for the property pursuant to N.J.S.A. 20:3-12, and giving the Township "the right to immediate possession of the property" on its compliance with the provisions of N.J.S.A. 20:3-19. In its answer, defendant included separate defenses challenging the Township's designation of the property as an area in need of redevelopment, contending the designation was "both procedurally and substantively flawed"[6] and not supported by substantial credible evidence in the record.

After hearing argument, the trial judge entered an order with an attached statement of reasons on September 14, 2023, directing that the Township would be vested "with the right to the immediate exclusive possession of and title to the property" when it made a monetary deposit with the court and filed and served a declaration of taking. Rejecting defendant's argument that Fegley's report was a net opinion and finding the "'substantial evidence' standard [to be] a relatively low evidentiary threshold," the judge held "Fegley's findings

---

[6] The trial judge subsequently held the Township had failed to demonstrate it "provided sufficient, contemporaneous notice regarding its declaration of blight to the owners of [the property]" and, accordingly, allowed defendant to challenge substantively in this action the blight designation.

A-0576-23

constitute[d] substantial evidence for [the Township's] designation of blight" pursuant to the criteria set forth in subsection (d) of N.J.S.A. 40A:12A-5. The judge found the record did not contain sufficient evidence to support a finding of blight under the criteria of subsections (e) and (h) of N.J.S.A. 40A:12A-5. Having found the Township had submitted substantial evidence to support a finding of blight under the subsection (d) criteria, the judge held the Township could proceed with its condemnation of the property.

Defendant moved to stay and for reconsideration of the order. In opposition to the motions, the Township submitted documents concerning the alleged current condition of the property. After temporarily enjoining the Township from taking possession of the property, the trial judge heard argument. During argument, the judge summarized the legal standard he had applied:

> So [the Township does not] need that much to connect the dots. I mean the standard is if there's evidence in the record and there is evidence in the record, I'm not supposed to second-guess the judgment of the Township in that regard. There's some evidence in the record that an expert testified, who has expertise, appropriate expertise in this area, and testified as to obsolescence and that the obsolescence was detrimental.

A-0576-23

The judge entered an order on October 23, 2023, denying defendant's motions and dissolving the temporary restraints.

On appeal, defendant argues the trial judge erred in finding the record contained substantial credible evidence to support the Township's redevelopment designation under N.J.S.A. 40A:12A-5(d). We agree and, accordingly, reverse the orders granting the Township's order to show cause and denying defendant's reconsideration motion.

II.

Article VIII, Section 3, Paragraph 1 of our State's Constitution "authorizes the taking of private property to 'redevelop[] . . . blighted areas' as a public purpose." Malanga v. Twp. of W. Orange, 253 N.J. 291, 309 (2023) (quoting N.J. Const. art. VIII, § 3, ¶ 1). "The power to redevelop property 'is a valuable tool . . . municipalities' have to address 'decaying and disintegrating . . . areas' in their communities which have become 'blighted.'" Ibid. (first quoting Gallenthin Realty Dev., Inc. v. Borough of Paulsboro, 191 N.J. 344, 365 (2007); and then quoting 62-64 Main St., LLC v. Mayor & Counsel of the City of Hackensack, 221 N.J. 129, 134 (2015)). But "[t]hat important power is limited by the Constitution and state law," ibid., and "is not unfettered," id. at 314 (quoting Levin v. Twp. Comm. of Bridgewater Twp., 57 N.J. 506, 537 (1971)).

A municipality's "governing body must 'rigorously comply with the statutory criteria' to determine whether property is in need of redevelopment." Ibid. (quoting 62-64 Main St., 221 N.J. at 156). A court defers to a municipality's determination that an area is in need of redevelopment only if "[it is] supported by substantial evidence on the record." Ibid. (alteration in the original) (quoting Gallenthin, 191 N.J. at 372-73).

"The Legislature enacted the LRHL . . . to implement the Constitution's clause and give meaning to the term 'blighted.'" Id. at 309. "The LRHL outlines the process to determine whether an area is 'in need of redevelopment' -- a phrase synonymous with 'blighted.'" Ibid. (citing N.J.S.A. 40A:12A-6); see also 62-64 Main St., 221 N.J. at 146 ("The [LRHL] substituted the term 'area in need of redevelopment' for the pejorative term 'blighted area' . . . ."). "The record must . . . contain sufficient credible evidence that the designation [of being an area in need of redevelopment] satisfies the requirements of the LRHL." Malanga, 253 N.J. at 314. "'[M]ore than a bland recitation of applicable statutory criteria and a declaration that [they have been] met' is required." Ibid. (alteration in the original) (quoting Gallenthin, 191 N.J. at 373). "A blight determination based on a net opinion or insubstantial evidence cannot stand." 62-64 Main St., 221 N.J. at 157; see also Bryant v. City of Atl. City, 309 N.J. Super. 596, 610 (App.

Div. 1998) ("A determination predicated on unsupported findings is the essence of arbitrary and capricious action").

Subsection (d) of N.J.S.A. 40A:12A-5 – the only statutory provision the trial judge found supported the Township's redevelopment determination – "requires two things: (1) sufficient proof that areas with buildings or improvements suffer from one or more specified conditions; and (2) sufficient proof that, as a result of the particular condition or conditions, the areas 'are detrimental to the safety, health, morals, or welfare of the community.'" Malanga, 253 N.J. at 311-12 (quoting N.J.S.A. 40A:12A-5(d)). Subsection (d) "does not ask whether property could potentially be more useful or valuable; it requires proof of a current problem, such as 'dilapidation,' 'obsolescence,' or 'overcrowding.'" Id. at 313. "[S]ubsection (d) does not presume harm; it requires a showing of actual detriment." Ibid. "[P]roof that a property is not used in an optimal manner or that it could function better is not an independent basis for redevelopment under subsection (d)." Ibid. "[S]ubsection (d) requires more than a showing that a building could function better . . . ." Id. at 319.

Malanga may have been about a library, but the legal standard articulated by the Court applies equally here. And the trial judge misapplied that standard. A standard that requires "substantial evidence" does not bespeak "a relatively

low evidentiary threshold."  The standard requires not just "some evidence in the record" to support a need-of-redevelopment determination but substantial evidence.

The Township's determination was not supported by substantial evidence in the record demonstrating the property met the criteria set forth in subsection (d) of N.J.S.A. 40A:12A-5.  Fegley's April 4, 2013 report, the references to her subsequent report, and the summary of her testimony – the only evidence in the record – consist of the types of bald conclusions and "bland recitation[s]" of the statutory criteria the Court has held insufficient to support a finding under subsection (d).  See Malanga, 253 N.J. at 314.  Fegley proclaimed in her report the property's "land use [was] deleterious and obsolete and the design [was] faulty" and its driveways were "inadequate" and "detrimental" to the community.  But she did not identify what, if any, underlying characteristics of the property had led her to reach those conclusions and did not give any detail to support those blanket statements.  She asserted the buildings needed to be "upgraded" and that the property needed "site improvements," but she did not specify what upgrades or improvements were needed.  And those details are critically important in making and reviewing a redevelopment determination. "The fact that an older building needs repair work does not necessarily mean it

is out of date or obsolete. . . . Changes in style or design standards, likewise, do not necessarily establish obsolescence under the LRHL." Malanga, 253 N.J. at 317. With nothing more, the Township failed to meet the substantial-evidence standard.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION